

# NUMBER 13-23-00063-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STATE FARM LLOYDS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Tijerina[1]

Relator State Farm Lloyds (State Farm) filed a petition for writ of mandamus asserting that the trial court abused its discretion by appointing an attorney as the umpire in the appraisal process between State Farm and the real party in interest, Mario Quintanilla, because the insurance policy at issue requires the umpire to be an engineer, architect, adjuster, public adjuster, or contractor. *See, e.g.*, *In re State Farm Lloyds*, No.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

13-22-00545-CV, 2023 WL 2029148, at *1–7 (Tex. App.—Corpus Christi–Edinburg Feb. 15, 2023, orig. proceeding) (mem. op.) ("The trial court abused its discretion by appointing an umpire in contradiction to the requirements delineated in the insurance policy, and relator lacks an adequate remedy by appeal to address this error."). We dismiss this original proceeding as moot.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus and subsequent events, is of the opinion that this matter has been rendered moot. After this Court requested Quintanilla to file a response to the petition for writ of mandamus, Quintanilla informed us that he had agreed to file a motion in the underlying proceedings requesting the trial court to appoint a new umpire pursuant to the qualifications contained in the insurance policy which "would effectively render [this original proceeding] moot and avoid a waste of time and resources." State Farm subsequently notified this Court that

2

the trial court has set aside the order at issue herein, and so "mandamus no longer appears necessary at this time."

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing sequence of events, is of the opinion that this original proceeding should be dismissed as moot. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We dismiss the petition for writ of mandamus as moot.

JAIME TIJERINA
Justice

Delivered and filed on the
24th day of March, 2023.

3